# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| **CALOGERO TRAPANI,** |
| Plaintiff**,** |
| **v.** |
| **CITY OF HACKENSACK & THOMAS FREEMAN, individually and in his official capacity as City Manger** |
| Defendants. |

Civil Action No.: 2:25-cv-16670

---

## BRIEF ON BEHALF OF DEFENDANTS, CITY OF HACKENSACK AND THOMAS FREEMAN IN SUPPORT OF MOTION TO DISMISS

---

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, City of Hackensack and Thomas Freeman

RICHARD MALAGIERE (rm@malagierelaw.com)
Of Counsel

LEONARD E. SEAMAN (les@malagierelaw.com)
On the Brief

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................... ii

Preliminary Statement ................................................................................ 1

Statement of Facts ..................................................................................... 2

Legal Argument ......................................................................................... 5

     I.     The Standard Of Review ......................................................... 5

     II.    Plaintiff Was Not Promoted Off The 2022 List Because Doing So Would Have Been Illegal ................................................................. 9

     III.   The New Jersey Civil Rights Act Claims Should Be Dismissed ........ 11

     IV.   The Complaint Fails To Plausibly Plead Reasonable Reliance And, Therefore, Fails To State A Claim For Promissory Estoppel ............... 11

Conclusion ............................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................. 5, 6, 13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................. 5, 6, 13

*Borough of Duryea v. Guarnieri*,
    131 S. Ct. 2488 (2011)......................................................................7

*Conley v. Gibson*,
    355 U.S. 41 (1957)...........................................................................6

*Connelly v. Lane Constr. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ...........................................................7

*Fultz v. Dunn*,
    165 F.3d 215 (3d Cir. 1998) ...........................................................8

*Goldfarb v. Solimine*,
    245 N.J. 326 (2021)................................................................. 11, 14

*Gomez v. Toledo*,
    446 U.S. 635 (1980)..........................................................................7

*Guidotti v. Legal Helpers Debt Resolution*,
    716 F.3d 764 (3d Cir. 2013) ...........................................................2

*Hill v. City of Scranton*,
    411 F.3d 118 (3d Cir. 2005) ...........................................................7

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) .........................................................2

*K.J. v. Div. of Youth & Family Servs.*,
    363 F. Supp. 2d 728 (D.N.J. 2005)...............................................11

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
      429 U.S. 274 (1977)............................................................................8

*Phillips v. County of Allegheny*,
      515 F.3d 224 (3d Cir. 2008) .............................................................5

*Red Hawk Fire & Sec., LLC v. Siemens Indus.*,
      449 F. Supp. 3d 449 (D.N.J. 2020)...................................................2

*Rezem Family Assocs., LP v. Borough of Millstone*,
      423 N.J. Super. 103 (App. Div. 2011)............................................11

*Rivkin v. Dover Twp. Rent Leveling Bd.*,
      143 N.J. 352, cert. denied, 519 U.S. 911 (1996) ..............................7

*Saletta v. Civil Serv. Com.*,
      148 N.J. Super. 451 (App. Div. 1977)............................................10

*Suppan v. Dadonna*,
      203 F.3d 228 (3d Cir. 2000............................................................8

*Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington*,
      194 N.J. 223 (2008)........................................................................12

*Village of Arlington Heights v. Metro. Housing Development Corp.*,
      429 U.S. 252, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977) .....................8

## Statutes

*42 U.S.C.§ 1983* .......................................................................... *2, 7. 9. 11*

*N.J.S.A.* 10:6-1 to -12 ............................................................................2

## Rules

*Fed. R. Civ. P.* 12 (b)(6)....................................................................5, 6

*Fed. R. Civ. P.* 8(a)(2)............................................................................5

**Regulations**

*N.J.A.C.* § 4A:4-3.3(b)(1) ...............................................................................10

*N.J.A.C.* 4A:4-3.3(e) ........................................................................................10

## PRELIMINARY STATEMENT

Plaintiff's claims here fail as a matter of law and must be dismissed. Contrary to the conclusory allegations in the verified complaint, plaintiff was not promoted to deputy chief in the Hackensack Fire Department when that position became available on October 1, 2025 because he was no longer qualified for the position. That is because the only civil service promotional list that he appeared on expired three days earlier.

He could not be promoted from that list because New Jersey civil service regulations prohibited it. The 2022 promotions list on which plaintiff was the fifth and final qualified candidate could not be extended to the day the deputy chief position became open, because a new list, compiled from results of a test plaintiff chose not to take, was issued on October 1, 2025. Plaintiff's decision not to take the deputy chief test in May 2025 prevented defendants from promoting him.

His federal and state civil rights claims must be dismissed for those reasons.

Likewise, plaintiff's claims that the City is obligated to promote him based on a purported promise by its former city manager fail. The manager's "promise" was not broken, plaintiff had no reasonable basis to rely on it, and he did not incur any collectable damages from it. That claim should be dismissed as well.

## <u>STATEMENT OF FACTS</u>[1]

Plaintiff, Calogero Trapani, initiated this matter through a verified complaint filed on October 16, 2025 (ECF No. 1). He asserts claims against his current employer, the City of Hackensack, and the City's current city manager, Thomas Freeman, both in his official and individual capacities (Compl. ¶¶5-7).

In Count I and Count II of the complaint, he raises claims against Freeman and the City, respectively, under the Civil Rights Act of 1871, 42 *U.S.C.* § 1983. Plaintiff claims that defendants retaliated against him for exercising his First Amendment rights when they failed to promote him to a deputy fire chief position (Compl. ¶¶ 40-53). The remainder of the complaint raises claims under New Jersey state law. Count III alleges that defendants' purported conduct also violated the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 to -12 (the "NJCRA") (Compl. ¶¶ 54-62). Finally, in Count IV, plaintiff asserts a common law claim against the City on a theory of promissory estoppel (Comp. ¶¶ 63-71).

Plaintiff alleges that he is highly decorated and experienced member of the Hackensack Fire Department (the "HFD") (Compl. ¶¶ 1, 11). Plaintiff also alleges

---

[1] Consistent with *Fed. R. Civ.* 12(b)(6), the facts here are drawn solely from plaintiff's complaint and documents "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Acceptable documents include "matters of public record []and undisputedly authentic documents if the plaintiff's claims are based on those documents." *Red Hawk Fire & Sec., LLC v. Siemens Indus.*, 449 F. Supp. 3d 449, 459 (D.N.J. 2020), citing *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013).

that he engaged in constitutionally protected activity two years ago when he spoke out against City Manager Freeman when Freeman was the Chief of the HFD (Compl. ¶2-4, 12-14), and that he was instrumental in bringing about a vote of "no confidence" that led to former Chief Freeman's resignation from that position. (Compl. ¶ 2, 14).

Plaintiff took the deputy chief examination when it was administered in 2022 (Compl. ¶ 17). When the list of eligible candidates was published in September 2022, plaintiff's score of 83.150 ranked him fifth out of the five eligible candidates (Compl. ¶ 18, Declaration of Leonard E. Seaman, Exhibit A). That list expired on September 28, 2025 (Seaman Decl., Exhibit A)

In early 2025, plaintiff had risen to first on the 2022 list (as he was the only remaining HFD employee who qualified for promotion from it) (Compl. ¶ 19; Seaman Decl., Exhibit A). He alleges that former City Manager, Vincent Caruso, assured then Fire Chief Reihl that plaintiff "would be promoted to Deputy Chief if a vacancy arose before the list's expiration" (Compl. ¶ 19). Plaintiff relates similar assurances given by Caruso to Riehl in 2024 and early 2025 that plaintiff would be promoted to deputy chief "as soon as a Deputy Chief vacancy became available (Compl. ¶ 20).

Plaintiff contends that he relied on these assurances even though the complaint does not include an allegation that these purported promises were made to him

3

directly. Instead, he only avers that Caruso made these statements to Riehl (Compl. ¶¶ 19, 20). He asserts that his reliance on these secondhand assurances included electing to skip the deputy chief eligibility exam that was offered in May 2025 (Compl. ¶ 21). This choice ensured that plaintiff would not be eligible for a promotion to deputy chief unless a position at that rank opened up on or before the 2022 list expired on September 28, 2025.

The allegations pleaded in the complaint do not demonstrate that such an opening occurred. Rather, Chief Riehl announced his retirement in August 2025 and tendered paperwork to give his retirement effect as of October 1, 2025 (Compl. ¶ 22). The complaint argues that the City had an obligation to promote from the 2022 list—the one on which he was the sole, eligible candidate—"until the new list was formally promulgated" (Compl. ¶ 36).

That 2025 list was promulgated on October 1, 2025 (Seaman Decl., Exhibit B), and the 2022 list expired by operation of law on that same day. Assuming plaintiff attained a similar score to the one he received on the 2022 test (83.150), he would have ranked fourth (and second to last) among the test takers (Compare, Seaman Decl, Exhibit A and Seaman Decl., Exhibit B).

On October 1, 2025, when former Chief Riehl's retirement was official, the City promoted Deputy Chief Keith Rosazza to fill that role. It was only then that a vacancy occurred in the deputy chief rank, and, using the 2025 list, plaintiff's

colleague, Micheal Thomassey, was sworn in as a deputy chief on October 28, 2025 (Seaman Decl., Exhibit C at 2).

## LEGAL ARGUMENT

### I.    THE STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12 (b)(6), a court must accept all well-pleaded allegations in the complaint as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).

Under *Fed. R. Civ. P.* 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Rule* 8 does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 557.

In *Twombly*, the Supreme Court clarified the *Fed. R. Civ. P.* 12(b)(6) standard. Specifically, the *Twombly* Court "retired" the language contained in *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 (quoting *Conley*, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 548.

Under *Twombly*, a civil complaint must go beyond providing mere notice — it must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). In explaining what "plausibility" means, the Court said "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

The Third Circuit has prescribed three steps that district courts must take to determine if a complaint is sufficient under *Twombly* and *Iqbal*. First, the court must take note of the elements the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and internal quotations omitted).

Regarding each of the claims under 42 U.S.C. §1983, plaintiff must allege (1) that some "person" has deprived it of a federal right; and (2) the "person" was acting under color of state or territorial law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

After identifying the person acting under color of law that caused an alleged deprivation of rights, plaintiff must next identify the "right, privilege or immunity secured to the claimant by the Constitution or other federal laws." *Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363, cert. denied, 519 U.S. 911 (1996). "This second step is necessary because § 1983 'is not itself a source of substantive rights,' but merely provides 'a method [for] vindicating federal rights elsewhere conferred.'" *Id*. (internal citation omitted).

The Third Circuit applies "a well-established three-step test to evaluate a public employee's claim of retaliation for engaging in activity protected under the First Amendment." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005), abrogated on other grounds by *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488 (2011). See also *Springer v. Henry*, 435 F.3d 268, 275 (3d Cir. 2006). "First, the employee must show that the activity is in fact protected." *Hill*, 411 F.3d at 125 (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)). "Second, the employee must show that the protected activity 'was a substantial factor in the alleged retaliatory action.' " Id. (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S.

274, 287 (1977)). "Third, the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct." *Id.*

For the purposes of this motion, defendants do not challenge whether plaintiff's complaint plausibly pleads facts to meet the "protected activity" element. Likewise, defendants acknowledge that the determination of the "substantial factor" element cannot be made on the pleadings alone. On the other hand, plaintiff's complaint clearly falls short of establishing the final element.

Even when the plaintiff can demonstrate that he engaged in protected activity that was a substantial or motivating factor for the adverse action, "a defendant can escape liability by showing that he would have taken the same action absent the protected activity." *Fultz v. Dunn*, 165 F.3d 215, 218 (3d Cir. 1998). As the Third Circuit explained in *Suppan v. Dadonna*, "substantial factor" does not mean "dominant" or "primary" factor. *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000) (citing *Village of Arlington Heights v. Metro. Housing Development Corp.*, 429 U.S. 252, 265, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977)). Thus, even if plaintiff shows that activity protected by the First Amendment was a "substantial factor" in his failure to be promoted, defendants will not be liable if some other factor unrelated to the protected activity was the but-for cause of the alleged retaliatory conduct. *Id*

That is undeniably the case here.

## II.    PLAINTIFF WAS NOT PROMOTED OFF THE 2022 LIST BECAUSE DOING SO WOULD HAVE BEEN ILLEGAL

Plaintiff's complaint alleges that defendants violated his civil rights by denying him a promotion to deputy chief when that position became available on October 1, 2025 (Compl. ¶¶5-7, 40-53). While he was the only remaining candidate for promotion from the 2022 list at that time, that list had expired three days earlier (Seaman Decl., Exhibit A). By the time any position became available, the 2022 list not only expired on its own terms (*Ibid.*), that list had been supplanted by the new, 2025 list, that was issued on that date (Seaman Decl., Exhibit B).

Defendants cannot be liable because they were required by law to take the action they did absent plaintiff's allegedly protected activity. *See Fultz* 165 F.3d at 218. Plaintiffs § 1983 claims fail, as a matter of law, because, taking the facts in the light most favorable to him the reason he was not considered—and legally could not be considered—for promotion was solely because he was no longer eligible.

The vacancy at the rank of deputy chief did not occur until October 1, 2025 when former Chief Riehl's retirement became effective (Compl. ¶ 22). Civil service positions in New Jersey, like plaintiff's position with the HPD are highly regulated. The 2022 list expired on its face on September 28, 2025 (Seaman Decl., Exhibit A). Even if the City had sought to extend the 2022 list beyond its expiration date for "good cause" as permitted by *N.J.A.C.* § 4A:4-3.3(b)(1), that list would have expired on October 1, 2025—the day that the deputy chief post became vacant—because

9

even an extended 2022 list would have expired on that date. *N.J.A.C.* 4A:4-3.3(e).

That regulation provides

> When a promotional list for a law enforcement or firefighter title is extended until a new promotional list is available for certification and appointments, **the extended list shall expire when the new promotional list is issued**, provided however, that certifications of and appointments from the new list shall not be made until the promulgation date of the new list.
>
> [*N.J.A.C.* 4A:4-3.3(e).]

Civil servants who are appointed to their positions and take their oaths after the eligibility list has expired are not validly appointed. *See Saletta v. Civil Serv. Com.,* 148 N.J. Super. 451, 455 (App. Div. 1977). Plaintiff could not have been appointed to the deputy chief position on October 1, 2025 because he no longer appeared on a valid list for that rank. His absence from that list was the but-for cause of the City's decision to consider and select his fellow firefighter, Micheal Thomassey, for that promotion.

Moreover, as a matter of New Jersey state law, the failure to promote plaintiff from the expired 2022 list cannot be undone under an estoppel theory. The *Saletta* court considered that very issue and ruled "[t]he doctrine of estoppel cannot be invoked to extend the outer time limit of the eligible list where the administrative agency lacked jurisdiction to do so. Any enlargement of that statutory time limit lies solely within the power of the Legislature." *Saletta*, 148 N.J. Super. at 455-56.

Based on the foregoing, plaintiff's complaint fails to state a claim for which relief can be given under federal law. Both Count I and Count II should be dismissed.

## III.   THE NEW JERSEY CIVIL RIGHTS ACT CLAIMS SHOULD BE DISMISSED

The NJCRA was modeled after § 1983. *K.J. v. Div. of Youth & Family Servs.*, 363 F. Supp. 2d 728, 746 (D.N.J. 2005) The elements of a claim for violation of rights under color of state law through the NJCRA are the same as those under § 1983. *See Rezem Family Assocs., LP v. Borough of Millstone,* 423 N.J. Super. 103, 115 (App. Div. 2011) ("We see no reason to apply different elements to a cause of action brought under the State statute from those … applicable under federal civil rights legislation.")

Count III of plaintiff's complaint fails to state a claim under the NJCRA for the same reasons that Count I and Count II are defective under § 1983. Count III should be dismissed as well.

## IV.   THE COMPLAINT FAILS TO PLAUSIBLY PLEAD REASONABLE RELIANCE AND, THEREFORE, FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL

The New Jersey Supreme Court recently restated the elements of a cause of action for promissory estoppel. In *Goldfarb v. Solimine*, 245 N.J. 326, 339 (2021), it stated, "Promissory estoppel is made up of four elements: (1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Goldfarb v.*

11

*Solimine*, 245 N.J. 326, 339-40 (2021) quoting *Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington*, 194 N.J. 223, 253 (2008). That court explained that a promissory estoppel claimant must show "that a promise has been made, that the promise was made with the expectation it be relied upon, that the moving party reasonably relied on the promise, and that the promisee incurred a detriment due to that reliance when the promisor broke the promise." *Id.* at 341. Here plaintiff's complaint fails to plausibly plead either that the alleged promise of the City's former city manager was even broken or that plaintiff reasonably relied on that promise.

First, the complaint avers only that Caruso, assured then Chief Reihl that plaintiff "**would be promoted** to Deputy Chief **if a vacancy arose** before the list's expiration" (Compl. ¶ 19). As noted, the 2022 was set to expire on its own terms on September 28, 2025 (Seaman Decl., Exhibit A). Any promise made by Caruso was only good if a deputy chief position was available to fill before that date. Plaintiff's complaint does not allege that one did. Rather, as previously noted, the deputy chief spot only became available on or after October 1, 2025 when Chief Reihl's retirement was effective and Chief Rosazza was promoted into that position.

The complaint does not plausibly plead that plaintiff's purported reliance on the alleged promise was reasonable. It merely includes those buzz words when it states:

> Reasonably relying on those representations, Plaintiff did not sit for the May 2025 Deputy Chief examination required for eligibility on the next list.

> [Compl. ¶ 21]

This is the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" through "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" that the Supreme Court instructed us to ignore. *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Moreover, on the facts presented here, plaintiff could never reasonably rely on that promise once the 2025 test was announced (Compl. ¶ 21). The complaint is clear, plaintiff in or before May 2025 knew that a test was being offered that would supplant the 2022 list. He could not reasonably rely on the City using an older to promote him—the lowest scoring qualified candidate—when there once a newer list became available.

Finally, plaintiff's complaint does not plausibly plead that he suffered any damages as a result the purported promissory estoppel as a matter of law. In *Goldfarb*, the New Jersey Supreme Court compared the damages available on a breach of contract claim as opposed to one for promissory estoppel. After restating the well established contract remedies of "expectation damage" and "loss of benefit of the bargain," that court explained that "[p]romissory estoppel is different -- in theory and in its elements." *Goldfarb*, 245 N.J. at 339. The court then explained that

damages available on a promissory estoppel claim differ from those on a contract claim. In a promissory estoppel situation, the promisee's damages are intended "to restore him or her to the position he or she was in before the parties met." *Id.* at 341.

Thus, under New Jersey law, even if plaintiff were able to prove all the elements of a promissory estoppel, his remedy would be to place him were he was when the promise was allegedly made—the fifth of five candidates on a promotion list that expired on September 28, 2025 before any deputy chief spots were available to fill.

As plaintiff has failed to state a claim for which relief can be granted on the promissory estoppel claim, Count IV of the complaint should also be dismissed.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that all claims in plaintiff's complaint should be dismissed under *Fed. R. Civ.* 12(b)(6) because the complaint fails to state a claim for which relief can be granted.

THE LAW OFFICES OF RICHARD
MALAGIERE, PC

By:  s/ Richard Malagiere
RICHARD MALAGIERE
LEONARD E. SEAMAN
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com
Attorneys for Defendants, City of Hackensack and
Thomas Freeman

Dated: November 21, 2025