**KREHER & TRAPANI LLP**
Francesco P. Trapani, Esq.
100 East Penn Square, Suite 400
Philadelphia, PA 19107
Tel: (215) 907-7290
Fax: (215) 907-7287
frank@krehertrapani.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Calogero Trapani** | : Document Electronically Filed |
| **Plaintiff** | : Civil Action No. 2:25-cv-16670 |
| v. | : |
| **City of Hackensack & Thomas Freeman, individually and in his official capacity as City Manager** | : |
| **Defendants.** | : |

**PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Calogero Trapani, by and through undersigned counsel, hereby respectfully submits this Brief in Opposition to Defendants' Motion to Dismiss.

**INTRODUCTION**

Plaintiff is a 30-year member of the Hackensack Fire Department (the "Department"). The Verified Complaint ("Complaint") alleges: (i) by at least August 2025, Fire Chief Anthony Riehl tendered his resignation, (ii) under N.J.A.C. § 4A:2-6.1, the resignation was effective upon receipt by the City, (iii) therefore, a Deputy Chief vacancy existed as of August 2025, (iv) New Jersey law required The City of Hackensack ("City") to fill that vacancy based on the then-existing promotion list whose only candidate was Plaintiff, and (v) the City, through City Manager Defendant Thomas Freeman, refused to do so because of Freeman's personal animus against Plaintiff arising from

1

Plaintiff's leadership of a public no-confidence vote against Freeman two years earlier when Freeman was Fire Chief.

Defendants do not even attempt to explain why those allegations fail to state a claim of unconstitutional retaliation under the First Amendment and the New Jersey Civil Rights Act. Instead, their motion rests entirely on a competing factual premise: that no Deputy Chief vacancy existed until October 1, 2025 – the same day a new promotion list was issued. Defendants derive their alternative vacancy date by mischaracterizing the Complaint's allegations[1] and submitting a declaration from their own attorney.[2] Under their proposed vacancy date, Defendants argue that Plaintiff cannot state a claim because New Jersey law allegedly required the City to hire from the new list rather than the list in place as of August 2025.

In short, Defendants argue for dismissal by pleading their own facts. Plaintiff believes Defendants' version of the facts is wrong, but the Court need not and cannot decide the factual dispute on a motion to dismiss. Instead, the Court must accept as true Plaintiff's allegation that a Deputy Chief vacancy existed as of August 2025. Once that allegation is accepted as true, all of Defendants' arguments fail and their motion should be denied.

## FACTUAL BACKGROUND

### I. Applicable New Jersey Civil Service Regulations.

Under New Jersey law, promotions within the Department are governed by the Civil Service Act, N.J.S.A. 11A:1-1 et seq., and its implementing regulations, N.J.A.C. 4A:4-3.1 *et seq*.

---

[1] Defendants bizarrely cite paragraph 22 of the Complaint for the claim that no vacancy existed until October 1, 2025. *See* (Defts' Motion to Dismiss at 4). Paragraph 22 says no such thing; it alleges that Chief Riehl tendered his resignation by at least August 2025, which under N.J.A.C. § 4A:2-6.1 became effective upon tender and receipt.

[2] The declaration Defendants submit attaches eligibility lists and City Council minutes, none of which addresses the timing of Chief Riehl's resignation. Regardless, extrinsic materials cannot be used to contradict the Complaint's allegations on a motion to dismiss.

(Complaint ¶ 15). Candidates seeking promotion to Deputy Fire Chief must meet specified requirements, including passing a competitive written examination administered or certified by the New Jersey Civil Service Commission. (*Id.*).

Promotions must be made from a ranked eligibility list issued by the Commission. (*Id.*). Pursuant to N.J.A.C. 4A:4-4.8, the appointing authority must follow the Commission's "Rule of Three," selecting from among the top-ranked candidates on the certified list. (*Id.*). Higher-ranked candidates may not be bypassed absent legitimate, documented reasons recognized by the Commission, and eligibility lists may not be manipulated or allowed to expire for retaliatory or pretextual reasons. (*Id.* at ¶ 16).

Under N.J.A.C. 4A:4-3.3(b), promotional eligibility lists remain in effect for three years from the date of promulgation unless extended by the Civil Service Commission for good cause. (*Id.* at ¶ 18). Civil Service regulations also permit an appointing authority to request certification in advance of a known or anticipated vacancy and to seek an extension of an eligibility list nearing expiration for good cause. (*Id.* at ¶ 25).

Finally, under N.J. Admin. Code § 4A:2-6.1, a resignation becomes legally effective upon its tender and receipt by the appointing authority. (*Id.* at ¶ 22).

## II. Defendants Wrongfully Refuse To Promote Plaintiff To Deputy Chief.

Plaintiff Calogero Trapani is a 30-year veteran of the Hackensack Fire Department with a spotless service record, numerous commendations, and more confirmed rescues than nearly any other active Hackensack firefighter. (Complaint. ¶ 11).  In or about 2023, while Thomas Freeman was Fire Chief, Plaintiff personally orchestrated, called for, and led a union vote of no confidence against him due to incompetence and safety risks that placed the Department in jeopardy. (*Id.* at ¶ 12). Shortly after the no-confidence vote, and amidst the tremendous public pressure created by it,

3

Freeman resigned as Chief of the Department. (*Id.* at ¶ 14). Freeman has resented Plaintiff's role in the no-confidence vote ever since. (*Id.*)

Meanwhile, in 2022, Plaintiff took the Deputy Fire Chief Examination to make himself eligible for the Deputy Fire Chief list that the Commission would issue later that year. (*Id.* at ¶ 17). In September 2022, the Civil Service Commission promulgated the Deputy Fire Chief eligibility list for the Department. (*Id.* at ¶ 18). The 2022 list was scheduled to expire on September 29, 2025. (*Id.*)

By early 2025, Plaintiff had advanced to first on the September 2022 list. (*Id.* at ¶ 19). At that time, then-City Manager Vincent Caruso assured Fire Chief Anthony Riehl that Plaintiff would be promoted to Deputy Chief if a vacancy arose before the list's expiration. (*Id.*) Caruso remained City Manager until August 2025, when he was replaced by Thomas Freeman. (*Id.*). At multiple points in 2024 and early 2025, Caruso reaffirmed those assurances, directing Chief Riehl that Plaintiff's promotion would be implemented as soon as a Deputy Chief vacancy became available. (*Id.* at ¶ 20). Caruso intended that assurance to be conveyed to Plaintiff, and Chief Riehl did so on several occasions. (*Id.*). Relying reasonably on those representations, Plaintiff did not sit for the May 2025 Deputy Chief examination required for eligibility on the next list. (*Id.* at ¶ 21).

By at least August 2025, Fire Chief Anthony Riehl had formally tendered his resignation to the City, and the City had received it. (*Id.* at ¶ 22). Under N.J. Admin. Code § 4A:2-6.1, Chief Riehl's resignation was legally effective upon receipt by the City, *i.e.*, in August 2025. (*Id*). In early September 2025, Chief Riehl requested that City Manager Thomas Freeman seek certification from the Civil Service Commission to promote Plaintiff from the still-valid September 2022 Deputy Fire Chief eligibility list. (*Id.* at ¶ 23). Freeman, however, refused to act on Chief

4

Riehl's request or to submit the certification to the Commission. (*Id.* at ¶ 24). Freeman refused to do so in order to retaliate against Plaintiff for leading the no-confidence vote against Freeman two years earlier when Freeman was Fire Chief.  (*Id.* at ¶¶ 2–4).

Freeman's refusal ensured that the 2022 list would expire without Plaintiff's promotion and served no legitimate administrative purpose. (*Id.* at ¶ 26).  Plaintiff and the firefighters' union urged Freeman to act on the request, but he declined, knowing that Plaintiff had not taken the May 2025 Deputy Fire Chief examination and that the expiration of the 2022 list would remove Plaintiff from eligibility. (*Id.*). Freeman's refusal to follow Chief Riehl's early-September certification request marked a clear departure from prior practice and directly resulted in the expiration of the valid 2022 list before Plaintiff's promotion could take effect, despite his ability to request certification or seek an extension under Civil Service rules. (*Id.* at ¶ 27).

On September 23, 2025, Plaintiff's counsel sent a letter to City Manager Freeman, Mayor Carson Gaines, the City Council, and City Attorney Richard Malagiere explaining Freeman's history with Plaintiff and notifying them that Freeman's refusal to certify Plaintiff's promotion was retaliatory and unlawful. (*Id.* at ¶ 29).  Despite receiving explicit notice that Freeman's refusal was retaliatory, the Mayor and Council, after consulting with the City Attorney, deliberately chose to take no corrective action. (*Id.* at ¶ 31).

On or about September 29, 2025, the union president spoke directly with the City Mayor Carson Gaines and urged him to intervene. (*Id.* at ¶ 32). The mayor refused, stating he would defer entirely to Freeman, effectively acknowledging Freeman as the final decision maker for promotions. (*Id.* at ¶ 33). The mayor's explicit acknowledgment that he would defer entirely to Freeman confirmed that Freeman was the final decision maker on promotions, and that his

5

retaliatory refusal to certify the eligibility list represented the official policy of the City. (*Id.* at ¶ 35).

Despite the operational necessity and Chief Riehl's prior request, Freeman refused to act on the valid 2022 list. (*Id.* at ¶ 37).  Freeman's refusal to pursue either certification or extension deprived Plaintiff of any remaining avenue for promotion, completing the retaliatory act. (*Id.* at ¶ 38).  As a result of Defendants' conduct, Plaintiff lost his promotion, career advancement, seniority benefits, pension adjustments, and the prestige associated with the Deputy Chief position. (*Id.* at ¶ 39).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the pleadings, not the merits of the case. *Phillips v. County of Allegheny*, 515 F.3d 224, 231, 234 (3d Cir. 2008). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Phillips*, 515 F.3d at 233.

To survive dismissal, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible when the pleaded facts allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion, the Court may not resolve factual disputes, weigh evidence, or credit a defendant's competing version of events. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). Nor may the Court rely on evidence outside the pleadings to contradict the complaint's allegations. *John Doe v. Princeton Univ.*, 30 F. 4th 335, 346–47 (3d Cir.

2022). Where a plaintiff plausibly alleges entitlement to relief, dismissal is inappropriate and the case should proceed to discovery. *Phillips*, 515 F.3d at 234.

## ARGUMENT

Defendants' motion should be denied because it is based on a factual premise that directly contradicts the Complaint. The Complaint alleges that a Deputy Chief vacancy existed in August 2025. Defendants instead contend that no vacancy existed until after the September 2022 eligibility list expired. Defendants cannot defeat a motion to dismiss by replacing the Complaint's allegations with their own contested version of the facts.

### I. Plaintiff Has Plausibly Alleged Violations Under § 1983 Because Certification and Appointment from the 2022 Eligibility List Were Lawful.

To state a First Amendment retaliation claim under § 1983, a plaintiff must allege that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) the protected activity was a substantial or motivating factor in the adverse action. *See, e.g., Baldassare v. New Jersey*, 250 F.3d 188, 194–95 (3d Cir. 2001). Defendants do not dispute that Plaintiff engaged in protected union activity or that he suffered an adverse action when he was denied consideration for promotion to Deputy Fire Chief. *See* (Defts' Motion to Dismiss at 8). Their motion turns entirely on causation.

Defendants contend that Plaintiff has not adequately pleaded causation because, under their version of the facts, his promotion would allegedly have been "illegal" under New Jersey law, and therefore it was New Jersey law, not any retaliation, that caused Plaintiff not to be promoted. That argument rests entirely on the premise that no Deputy Chief vacancy existed until after the 2022 eligibility list had expired. *See* (Defts' Motion to Dismiss at 9) ("Defendants cannot be liable because … [t]he 2022 list expired on its face on September 28, 2025). But that premise directly contradicts the allegations of the Complaint, which allege that there was a Deputy Chief vacancy

7

as of August 2025 when the City received Chief Riehl's resignation. Because Defendants' arguments rely on a factual assertion that contradicts the allegations of the Complaint, it must be rejected. *See John Doe v. Princeton Univ.*, 30 F. 4th 335, 346–47 (3d Cir. 2022) (reversing dismissal where the district court credited defendants' factual narrative over the complaint and stating "[d]isregarding [plaintiff's] well-pleaded facts in favor of those mentioned in [defendant's] brief was erroneous").

No more is necessary to reject Defendants' arguments and deny the Motion. But the Complaint also alleges contemporaneous conduct that is consistent with Plaintiff's allegations and incompatible with Defendants' version of events. For example, after tendering his resignation, Chief Riehl repeatedly requested that City Manager Freeman seek certification so Plaintiff could be promoted from the still-valid 2022 eligibility list, and the firefighters' union likewise urged Freeman to act. (*Id.* ¶¶ 24–25.) At no point did Freeman, or anyone else, state that certification or appointment was unavailable or unlawful because no vacancy yet existed. Instead, Freeman simply refused to act, departing from prior City practice and directly causing the valid 2022 list to expire before Plaintiff could be promoted. (*Id.* ¶ 27.)

None of this conduct makes sense if, as Defendants now contend, Plaintiff could not lawfully have been promoted. Taken together, these allegations support Plaintiff's claim that certification and appointment could have occurred while the 2022 eligibility list remained valid. At a minimum, the Complaint raises significant factual issues regarding when Chief Riehl's resignation became effective, when a vacancy arose, how the City historically handled certification requests under similar circumstances, and why Freeman refused to act despite repeated requests from Chief Riehl and the union. Those issues cannot be resolved on a motion to dismiss.

Based on the foregoing allegations, the lone case upon which Defendants rely – *Saletta v. Civil Service Commission*, 372 A.2d 1140 (App. Div. 1977) – has no applicability. *Saletta* stands only for the proposition that appointments may not be made from an expired eligibility list. Plaintiff does not allege entitlement to promotion from an expired list; he alleges that Defendants intentionally refused to act while the list was still valid.

## II. Defendant Has Plausibly Alleged A Viable Claim Under the New Jersey Civil Rights Act.

Defendants make no independent argument with respect to Plaintiff's New Jersey Civil Rights Act ("NJCRA") claim. Instead, their only argument is that it fails because the NJCRA is analyzed under the same framework as 42 U.S.C. § 1983. *See* (Deft's Motion to Dismiss at 11). Because Plaintiff has plausibly alleged First Amendment retaliation and municipal liability under § 1983, his parallel NJCRA claim necessarily survives.

## III. Plaintiff Has Plausibly Alleged A Viable Promissory Estoppel Claim.

To state a claim for promissory estoppel under New Jersey law, a plaintiff must allege a clear promise, reasonable reliance, and resulting detriment. *Commerce Bancorp, Inc. v. BK Int'l Ins. Brokers, Ltd.*, 490 F.Supp.2d 556, 561 (D.N.J. 2007). Plaintiff has done so.

Defendants' principal challenges to Plaintiff's promissory estoppel claim are that: (1) the alleged promise was never triggered, and (2) Plaintiff suffered no cognizable detriment. Both are premised on the same false assertion that promotion was not possible while the 2022 list was still valid. *See* (Defts' Motion to Dismiss at 12, 14) (stating that "[any] promise by Caruso was only good if a deputy chief position was available" and arguing that Plaintiff has no remedy because the "promotion list … expired on September 28, 2025"). As set forth above, that argument wrongly attempts to contradict the allegations of the Complaint. Because, under the allegations of the Complaint, certification and appointment could have occurred during the life of the list,

9

Defendants' arguments that no promise was capable of performance and that Plaintiff suffered no reliance-based harm necessarily fail.

Apart from that premise, Defendants assert that the Court should rule now, as a matter of law and without any discovery or testimony, that Plaintiff's reliance was unreasonable. New Jersey courts have recognized that whether reliance was reasonable is a fact-intensive inquiry that ordinarily cannot be resolved at the pleading stage. *See, e.g.*, *Commerce Bancorp, Inc.*, 490 F.Supp.2d at 562 (denying motion to dismiss where reasonable reliance required "highly fact- and context- specific inquiries"); *see also Pop's Cones, Inc., t/a TCBY v. Resorts Int'l Hotel, Inc.*, 307 N.J. Super. 461, 469-70 (App. Div. 1998) (reversing summary judgment and holding that reasonable reliance depends on surrounding circumstances).

Moreover, the Complaint alleges that the City Manager – who had authority to make promotions – assured Plaintiff that he would be promoted if a vacancy arose before the list expired, intended Plaintiff to rely on those assurances, and that Plaintiff actually relied on those assurances when he declined to sit for the May 2025 examination required for placement on the next list. (Complaint ¶¶ 19–21.) Those allegations are more than sufficient to plausibly allege reasonable reliance.

Because Plaintiff has plausibly alleged a clear promise, reasonable reliance, and resulting detriment, Plaintiff has stated a viable promissory estoppel claim.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendants' Motion to Dismiss should be denied.

[signature block on next page]

|  |  |
|---|---|
|  | Respectfully submitted, |
| December 22, 2025 | **KREHER & TRAPANI LLP** |
|  | /s/ *Francesco P. Trapani* <br> Francesco P. Trapani, Esquire <br> KREHER & TRAPANI LLP <br> 100 East Penn Square, Suite 400 <br> Philadelphia, PA  19107 <br> Phone (215) 907-7290 <br> Fax (215) 907-7287 <br> frank@krehertrapani.com |

**KREHER & TRAPANI LLP**
Francesco P. Trapani, Esq.
100 East Penn Square, Suite 400
Philadelphia, PA 19107
Tel: (215) 907-7290
Fax: (215) 907-7287
frank@krehertrapani.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Calogero Trapani** | : Document Electronically Filed |
| **Plaintiff** | : |
| v. | : Civil Action No. 2:25-cv-16670 |
| **City of Hackensack & Thomas Freeman, individually and in his official capacity as City Manager** | : |
| **Defendants.** | : |

## **CERTIFICATE OF SERVICE**

I, Francesco P. Trapani, hereby certify that I caused a true and correct copy of Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss to be filed via the court's electronic filing system and that it is available for viewing and downloading by all counsel of record.

Date: December 22, 2025

/s/ *Francesco P. Trapani*
Francesco P. Trapani, Esq.
KREHER & TRAPANI LLP
100 East Penn Square, Suite 400
Philadelphia, PA 19107
Phone (215) 907-7290
Fax (215) 907-7287
frank@krehertrapani.com