# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CALOGERO TRAPANI,**<br><br>Plaintiff**,**<br><br>v.<br><br>**CITY OF HACKENSACK & THOMAS FREEMAN, individually and in his official capacity as City Manger**<br><br>Defendants. | Civil Action No.: 2:25-cv-16670 |

---

**REPLY BRIEF ON BEHALF OF DEFENDANTS, CITY OF HACKENSACK AND THOMAS FREEMAN IN SUPPORT OF MOTION TO DISMISS**

---

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, City of Hackensack and Thomas Freeman

RICHARD MALAGIERE (rm@malagierelaw.com)
Of Counsel

LEONARD E. SEAMAN (les@malagierelaw.com)
On the Brief

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................................... ii

Statement of Facts ...................................................................................................... 1

Legal Argument ......................................................................................................... 3

Plaintiff's incorrect legal conclusions are not binding On this Cour ........................... 3

Conclusion ................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Cases**

*Guidotti v. Legal Helpers Debt Resolution*,
    16 F.3d 764 (3d Cir. 2013) ..................................................................................2

*In re Burlington Coat Factory Sec. Litig.*,
    14 F.3d 1410 (3d Cir. 1997) .............................................................................1, 3

*Morse v. Lower Merion Sch. Dist.*,
    32 F.3d 902 (3d Cir. 1997) ..................................................................................3

*Red Hawk Fire & Sec., LLC v. Siemens Indus.*,
    49 F. Supp. 3d 449 (D.N.J. 2020) .......................................................................1

**Statutes**

42 *U.S.C.* § 1983 ........................................................................................................6

**Rules**

*Fed. R. Civ. P.* 12(b)(6) ...............................................................................................6

**Regulations**

*N.J.A.C.* § 4A:4-3.3(b)(1) ...........................................................................................5

*N.J.A.C.* 4A:2-6.1 ...................................................................................................2, 4

*N.J.A.C.* 4A:4-3.3(e) ...................................................................................................5

## **STATEMENT OF FACTS**

Plaintiff's opposition to this motion hinges on his assertion that this Court must accept the statements contained in paragraph 22 of his verified complaint as true for the purposes of this motion (Plaintiff's Br. At 7-8). That paragraph contains both factual allegations and legal conclusions. It states:

> By at least August 2025, Fire Chief Anthony Riehl had formally tendered his resignation to the City. Under N.J. Admin. Code § 4A:2-6.1, Chief Riehl's resignation became effective upon its tender and receipt by the appointing authority[] and was therefore final as of that date.
>
> [Verified Compl. ¶ 22.]

The first sentence of that paragraph is a factual statement, and it is not disputed. A recent search of the former Chief Riehl's email account demonstrates that he disclosed that he "plan[ned] on retiring on 10/1/25" as early as January 21, 2025" (Declaration of Srujal Desai, 12/29. 2025, Exhibit A) and confirmed he was retiring on that date in an email exchange on July 16, 2025 (Desai Decl., Exhibit B)

---

[1] Like the documents submitted by defendants with their original moving papers, these emails are documents "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) making them appropriate for the Court's consideration under *Fed. R. Civ. P.* 12(b)(6). Acceptable documents include "matters of public record []and undisputedly authentic documents if the plaintiff's claims are based on those documents." *Red Hawk Fire & Sec., LLC v. Siemens Indus.*, 449 F. Supp. 3d 449, 459 (D.N.J. 2020), citing *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764,

The second sentence of paragraph 22 is not a factual contention. It is a legal conclusion based on plaintiff's interpretation of a state administrative code provision. That section of the administrative code, titled "Resignation in good standing" provides, in full:

> (a) Any permanent employee in the career service may resign in good standing by giving the appointing authority at least 14 days written or verbal notice, unless the appointing authority consents to a shorter notice.
>
> (b) The resignation shall be considered accepted by the appointing authority upon receipt of the notice of resignation.
>
> (c) A request to rescind the resignation prior to its effective date may be consented to by the appointing authority.
>
> (d) Where it is alleged that a resignation was the result of duress or coercion, an appeal may be made to the Civil Service Commission under N.J.A.C. 4A:2-1.1.
>
> [*N.J.A.C.* 4A:2-6.1.]

---

772 (3d Cir. 2013).

## LEGAL ARGUMENT

### PLAINTIFF'S INCORRECT LEGAL CONCLUSIONS ARE NOT BINDING ON THIS COURT

The foundation of plaintiff's complaint is that former Chief Riehl's declaration of his intent to retire on October 1, 2025 amounted to a resignation of his position that was effective on the date that declaration was made—on a date prior to August 2025. Plaintiff next contends that the Court cannot dismiss his claims because he couched his legal conclusion as an allegation in the complaint.

While the Court must accept all plaintiff's well pleaded factual allegations as true for the purposes of this motion. Plaintiff's legal conclusions are not entitled to any deference, and the Court "need not credit a complaint's 'bald assertions' or 'legal conclusions'" when deciding this motion. *See, Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) quoting *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1429-30 (3d Cir. 1997).

The administrative code provision does not say what plaintiff says it does. It does not say that a civil servant's resignation becomes "effective upon its tender and receipt by the appointing authority" (Verified compl. 22).

Subsection (a) of that code provision says that employees in good standing can resign on 14 days written or verbal notice or in a shorter time with the appointing authorities' consent. Subsection (b) says that a "resignation shall be considered accepted by the appointing authority upon receipt" of that notice. Subsection (c)

3

supplies the conditions where an employee can request to rescind that notice "prior to its effective date", and subsection (d) addresses situations where an employee contends that their resignation was coerced. *N.J.A.C.* 4A:2-6.1.

Reading the code provision in its entirety, there is no way it can mean what plaintiff wants this Court to believe it means. Plaintiff asserts that former Chief Riehl's resignation was effective on the date his notice of that resignation was delivered to the City. But subsection (b) merely says that the notice of resignation must be considered accepted on the date it is received. That is necessary to establish the date when the 14-day notice period under subsection (a) begins. However, the date the notice of resignation becomes effective is not the same as the date the resignation from the position becomes effective, nor can it be.

First, the resignation from a position can only occur (i.e. take effect or become effective) 14 days after the notice of resignation is received by the employer. Second, the employee can request to rescind the resignation prior to the effective date if that resignation.

If the resignation was effective on the same day the notice of resignation was tendered, there would be no reason for the 14-day time period to be included in subsection (a). Employees could resign without any notice. Conversely, if the resignation became effective the same day it was tendered, it would be impossible for an employee to ask to rescind it because that request would always be too late.

4

The Court does not need to use plaintiff's contorted legal reasoning simply because he included that legal conclusion in his complaint. Rather, the Court should apply the appropriate legal analysis to the facts alleged. That is that former Chief Riehl tendered his notice of resignation sometime before August 2025, and his resignation was not effective unitl his retirement date, October 1, 2025.

On those facts, the vacancy at the rank of deputy chief did not occur until October 1, 2025 when former Chief Riehl's resignation was effective. The City could not have promoted anyone to deputy chief based on the 2022 list on that date because that 2022 list expired on its face on September 28, 2025 (Seaman Decl., Exhibit A). Even if the City had sought to extend the 2022 list beyond its expiration date for "good cause" as permitted by *N.J.A.C.* § 4A:4-3.3(b)(1), that list still would have expired on October 1, 2025 because any extended list "expire[s] when the new promotional list is issued" (*N.J.A.C.* 4A:4-3.3(e)) and the new, 2025 promotional list was issued on October 1, 2025 (Seaman Decl., Exhibit B)

Promoting plaintiff to a deputy chief position on October 1, 2025 based on his position on the expired, 2022 promotional list would have been illegal. Doing so would have surely prompted claims from the candidates who were eligible for that position based on their scores on the 2025 deputy chief test—that plaintiff did not take—and their rank of the 2025 promotional list that became effective on October 1, 2025.

5

As a result, plaintiff's complaint fails to state a claim under 42 *U.S.C.* § 1983, or the New Jersey Civil Rights Act, or under a common law theory of promissory estoppel. The complaint should be dismissed.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that all claims in plaintiff's complaint should be dismissed under *Fed. R. Civ. P.*12(b)(6) because the complaint fails to state a claim for which relief can be granted.

        THE LAW OFFICES OF RICHARD
        MALAGIERE, PC

        By: s/ Richard Malagiere
        RICHARD MALAGIERE
        LEONARD E. SEAMAN
        250 Moonachie Road, Suite 300A
        Moonachie, New Jersey 07074
        (201) 440-0675
        rm@malagierelaw.com
        les@malagierelaw.com
        Attorneys for Defendants, City of Hackensack and
        Thomas Freeman

Dated: December 29, 2025