**KREHER & TRAPANI LLP**
Francesco P. Trapani, Esq.
100 East Penn Square, Suite 400
Philadelphia, PA 19107
Tel: (215) 907-7290
Fax: (215) 907-7287
frank@krehertrapani.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Calogero Trapani** | : Document Electronically Filed |
| **Plaintiff** | : |
| | : Civil Action No. 2:25-cv-16670 |
| v. | : |
| | : |
| **City of Hackensack & Thomas Freeman, individually and in his official capacity as City Manager** | : |
| | : |
| **Defendants.** | : |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Pursuant to Local Civil Rule 7.1(d)(6), Plaintiff respectfully moves for leave to file a sur-reply in further opposition to Defendants' Motion to Dismiss**.** In support thereof, Plaintiff states as follows:

1.      Defendants filed their Motion to Dismiss on November 22, 2025, and Plaintiff filed its Opposition on December 22, 2025. Defendants filed their Reply on December 29, 2025.

2.      In their Reply, Defendants rely for the first time on extraneous evidentiary materials, including a declaration and email correspondence, which were not attached to the Complaint or submitted with their opening motion.

3. Plaintiff requests leave to file a limited sur-reply to explain why these new and improperly submitted materials do not warrant granting Defendants' motion.

4. Plaintiff's proposed sur-reply is attached hereto as Exhibit A.

Respectfully submitted,

**KREHER & TRAPANI LLP**

Date: December 30, 2025

/s/ *Francesco P. Trapani*
Francesco P. Trapani, Esquire
KREHER & TRAPANI LLP
100 East Penn Square, Suite 400
Philadelphia, PA  19107
Phone (215) 907-7290
Fax (215) 907-7287
frank@krehertrapani.com

# EXHIBIT A

**KREHER & TRAPANI LLP**
Francesco P. Trapani, Esq.
100 East Penn Square, Suite 400
Philadelphia, PA 19107
Tel: (215) 907-7290
Fax: (215) 907-7287
frank@krehertrapani.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Calogero Trapani** | : Document Electronically Filed |
|   **Plaintiff** | : Civil Action No. 2:25-cv-16670 |
| v. | |
| **City of Hackensack & Thomas Freeman, individually and in his official capacity as City Manager** | |
|   **Defendants.** | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

For the first time on reply, Defendants submit a declaration from an IT employee and selected email correspondence in an effort to advance a factual narrative that Chief Riehl's last day on the job was October 1, 2025. For the reasons explained in Plaintiff's Opposition Brief, that additional purported "fact" is not determinative, because under the applicable regulations what matters is the day the City received Chief Riehl's notice of resignation. Plaintiff's Opp. Brief at 6–7.

But even if the date of Chief Riehl's last day on the job was relevant, that would be a factual question that cannot be determined based on the allegations of the Complaint. Specifically, the Complaint does not allege that Chief Riehl first vacated his office on October 1, 2025. Indeed,

nowhere in the Complaint does it allege that Chief Riehl vacated his position as chief on October 1, 2025. Instead, the Complaint alleges only that Chief Riehl tendered his resignation, and the City received it, in August 2025, and that the resignation was effective (and a vacancy thereby created) upon tender and receipt. *See* Compl. ¶ 22. It is only those allegations, after drawing all reasonable inferences from them in Plaintiff's favor, that may properly be considered on a motion to dismiss, not the highly selective additional purported (and as discussed below, contested) facts that Defendants are trying to assert via their improper factual declarations. *See John Doe v. Princeton Univ.*, 30 F. 4th 335, 346–47 (3d Cir. 2022).

Moreover, even if the Court were to look beyond the pleadings – and, at this stage, it should not – the date of Chief Riehl's last day on the job is a contested factual issue. Plaintiff submits herewith the Declaration of Plaintiff Calogero Trapani, which avers that (i) he worked closely with Chief Riehl at the same firehouse, (ii) the last time Plaintiff saw Chief Riehl at the firehouse was September 23, 2025, and (iii) Chief Riehl vacated his New Jersey residence – which was owned by Plaintiff's father – and moved out of state on or about September 26, 2025. *See* Declaration of Calogero Trapani attached hereto as Exhibit 1. Those facts underscore that the timing of Chief Riehl's departure is, at a minimum, a disputed factual issue that cannot be resolved on a motion to dismiss and must be explored through discovery.[1]

---

[1] Plaintiff has attempted to pursue discovery in this case, but Defendants' counsel has refused to confer with Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 26(f), thereby precluding Plaintiff from obtaining any discovery in the case, including discovery regarding Chief Riehl's resignation.

2

Accordingly, this Court should deny Defendants' motion to dismiss.[2]

                                               Respectfully submitted,

                                               **KREHER & TRAPANI LLP**

Date: December 30, 2025

                                               /s/ *Francesco P. Trapani*
                                             Francesco P. Trapani, Esquire
                                             KREHER & TRAPANI LLP
                                             100 East Penn Square, Suite 400
                                             Philadelphia, PA  19107
                                             Phone (215) 907-7290
                                             Fax (215) 907-7287
                                             frank@krehertrapani.com

---

[2] If the Court concludes that the Complaint is deficient in any respect, any dismissal should be with leave to amend so that Plaintiff may address any deficiencies identified by the Court, particularly where Defendants' arguments depend on factual assertions not contained in the Complaint. *See Connelly v. Steel Valley School Dist.*, 706 F.3d 209, 216 (3d Cir. 2013).

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Calogero Trapani** | : Document Electronically Filed |
| Plaintiff | : Civil Action No. 2:25-cv-16670 |
| v. | |
| **City of Hackensack & Thomas Freeman, individually and in his official capacity as City Manager** | |
| Defendants. | |

### DECLARATION OF CALOGERO TRAPANI

I, Calogero Trapani, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Plaintiff in the above-referenced action.

2. I worked closely with former Hackensack Fire Chief Anthony Riehl at the same firehouse.

3. The last day that I saw Chief Riehl at the firehouse was September 23, 2025.

4. Chief Riehl lived in an apartment owned by my father in Lodi, New Jersey.

5. Chief Riehl vacated that apartment and moved out of state on or about September 26, 2025.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29 day of December 2025

_____
Calogero Trapani