THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney* | 250 MOONACHIE ROAD<br>SUITE 300A<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | **Michael Kahn**<br>*Registered Patent Agent*<br>**Leonard E. Seaman**<br>*Certified Civil Trial Attorney*<br><br>Of Counsel<br>**Frank D. Rivellini**<br>**Francis J. DeVito** |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509-4180
Writer's e-mail: les@malagierelaw.com

January 21, 2026

<u>**VIA CM/ECF**</u>
The Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street – Court Room 4A
Newark, NJ 07101

   Re: **TRAPANI v. CITY OF HACKENSACK et al.**
      **Civil Action No.: 2:25-cv-16670-MCA-JSA**

Dear Judge Cox Arleo:

  This office represents defendants, the City of Hackensack and Thomas Freeman, in the above matter. Please accept this letter in lieu of a more formal brief in opposition to plaintiff's motion for leave to file a sur-reply brief in opposition to plaintiff's motion for leave to file a sur-reply brief in opposition to defendant's motion to dismiss.

## STATEMENT OF FACTS

Plaintiff claims he must be afforded leave to submit sur-reply to oppose defendant's because of "extraneous evidentiary materials" included with defendant's reply (Plaintiff's Motion for Leave to File Sur-Reply, ¶ 2) (ECF No. 9-1).

## LEGAL ARGUMENT

"The local rules exist for a reason, and the parties may not simply extend the briefing schedule with additional briefs whenever they decide that there are additional points, or additional pieces of evidence, that they wish they had put forward previously." *CD&L Realty v. Owens-Illinois*, 2012 U.S. Dist. LEXIS 137118 n.3 (D.N.J. Sept. 25, 2012), aff'd 535 Fed. Appx. 201 (3d Cir. 2013). Plaintiff fails to supply the Court with any legal analysis to support this application. Plaintiff does not even cite the local rule on sur-reply which declares "No sur-replies are permitted without permission of the Judge to whom the case is assigned." *L.Civ.R.* 7.1(d)(6).

"Permission is generally denied where the record and prior submissions are deemed sufficient." LITE, N.J. FEDERAL PRACTICE RULES, Comment 4(b)(1) to L.Civ.R. 7.1 (GANN) *citing Kelk v. Bausch Health Co.*, 2025 U.S. Dist. LEXIS 25175 (D.N.J. Feb. 12, 2025); *Williams v. Inspira Health Network*, 2023 U.S. Dist. LEXIS 194907 (D.N.J. Oct. 31, 2023); *KN Elec. Contr., Inc. v. IBEW, Loc. Union*,

No. 351, 2022 U.S. Dist. LEXIS 134156 n.1 (D.N.J. July 28, 2022); *Liebowitz v. Richman*, 2022 U.S. Dist. LEXIS 73767 (D.N.J. Apr. 22, 2022); *Robbins v. Playhouse Lounge*, 2021 U.S. Dist. LEXIS 114883 (D.N.J. June 21, 2021).

In *Williams,* the Court denied the motion for leave to file sur-reply on a summary judgment motion that would purportedly counter new arguments raised in the defendant's reply, finding that no new arguments were raised. Rather, in at least one instance, the Court found that the information supplied in defendants reply was submitted to respond to the plaintiff's interpretation of evidence in its opposition. *Williams,* 2023 U.S. Dist. LEXIS 194907, at *15. Defendant's reply submission did the same.

Defendants' reply submission was not extraneous, as plaintiff suggests. Defendants supplied with Court with two emails from former Hackensack Fire Chief, Anthony Riehl that are "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Those emails **confirm** the allegation in paragraph 22 of plaintiff's verified complaint that former Chief Riehl "formally tendered his resignation to the City" "[b]y at least August 2025" (Verified Compl., ECF No. 1). The emails also provide the Court with a fact that plaintiff intentionally omitted from the verified complaint—the date former Chief Riehl's retirement (and, consequently, his resignation from his position in the Hackensack Fire Department was effective.)

3

From the proposed sur-reply, which includes a declaration from the plaintiff, it is apparent that plaintiff intentionally omitted the uncontested date that former Chief Riehl's retirement was effective since that date was undeniably after the 2022 promotion list had expired.

Plaintiff's previous submissions in opposition to the motion to dismiss were sufficient. Plaintiff should not be permitted to supplement the facts pleaded in his verified complaint as part of his opposition to the motion to dismiss through sur-reply. The motion for leave to file sur-reply should be denied.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that plaintiff's motion for leave to file sur-reply should be denied.

Respectfully,

s/ Leonard Seaman
LEONARD E. SEAMAN

LES/me

cc:   All counsel (via CM/ECF)
      Client (via email)