Mary C. McDonnell, Esq. - Attorney ID #: 045271992
PFUND MCDONNELL & SHEPARD, P.C.
139 Prospect Street, 2nd Floor
Ridgewood, NJ 07450
(201) 857-5040
Attorneys for Defendants City of Hackensack and Thomas Freeman

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Plaintiff*<br><br>CALOGERO TRAPANI<br><br><br>*vs.*<br><br><br>*Defendants*<br><br>CITY OF HACKENSACK & THOMAS FREEMAN, individually and in his official capacity as City Manager | Civil Action No.: 2:25-cv-16670<br><br>CIVIL ACTION<br><br>**ANSWER WITH SEPARATE DEFENSES, REQUEST FOR DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION** |

Defendants, City of Hackensack and Thomas Freeman, by way of Answer to the Complaint filed herein, hereby says:

**INTRODUCTION**

1.    These Defendants deny the allegations contained in this paragraph.

2.    These Defendants deny the allegations contained in this paragraph.

3.    These Defendants deny the allegations contained in this paragraph.

4.    These Defendants deny the allegations contained in this paragraph.

**PARTIES**

5.    These Defendants deny the allegations contained in this paragraph.

6.    These Defendants admit the allegations contained in this paragraph.

7.     These Defendants admit the allegations in this paragraph regarding being the City Manager. These Defendants deny the rest of the allegations in this paragraph.

## JURISDICTION AND VENUE

8.     This allegation calls for a legal conclusion for which no response is required. These Defendants can neither admit nor deny the allegations contained in this paragraph.

9.     This allegation calls for a legal conclusion for which no response is required. These Defendants can neither admit nor deny the allegations contained in this paragraph.

10.     This allegation calls for a legal conclusion for which no response is required. These Defendants can neither admit nor deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

11.     These Defendants deny the allegations contained in this paragraph.

12.     These Defendants deny the allegations contained in this paragraph.

13.     These Defendants deny the allegations contained in this paragraph.

14.     These Defendants deny the allegations contained in this paragraph.

15.     This allegation calls for a legal conclusion for which no response is required. These Defendants can neither admit nor deny the allegations contained in this paragraph.

16.     This allegation calls for a legal conclusion for which no response is required. These Defendants can neither admit nor deny the allegations contained in this paragraph.

17.     These Defendants deny the allegations contained in this paragraph.

18.     These Defendants deny the allegations contained in this paragraph.

19.     These Defendants deny the allegations contained in this paragraph.

20.     These Defendants deny the allegations contained in this paragraph.

21.    These Defendants deny the allegations contained in this paragraph.

22.    This allegation calls for a legal conclusion for which no response is required. These Defendants can neither admit nor deny the allegations contained in this paragraph.

23.    These Defendants deny the allegations contained in this paragraph.

24.    These Defendants deny the allegations contained in this paragraph.

25.    This allegation calls for a legal conclusion for which no response is required. These Defendants deny the allegations contained in this paragraph.

26.    These Defendants deny the allegations contained in this paragraph.

27.    These Defendants deny the allegations contained in this paragraph.

28.    These Defendants deny the allegations contained in this paragraph.

29.    The letter speaks for itself.

30.    These Defendants deny the allegations contained in this paragraph.

31.    These Defendants deny the allegations contained in this paragraph.

32.    These Defendants have insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to his proofs.

33.    These Defendants deny the allegations contained in this paragraph.

34.    The Municipal Code speaks for itself.

35.    These Defendants deny the allegations contained in this paragraph.

36.    These Defendants deny the allegations contained in this paragraph.

37.    These Defendants deny the allegations contained in this paragraph.

38.    These Defendants deny the allegations contained in this paragraph.

39.    These Defendants deny the allegations contained in this paragraph.

## AS TO COUNT ONE

40.     These Defendants repeat and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

41.     These Defendants deny the allegations contained in this paragraph.

42.     These Defendants deny the allegations contained in this paragraph.

43.     These Defendants deny the allegations contained in this paragraph.

44.     These Defendants deny the allegations contained in this paragraph.

45.     These Defendants deny the allegations contained in this paragraph.

46.     These Defendants deny the allegations contained in this paragraph.

## AS TO COUNT TWO

47.     These Defendants repeat and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

48.     These Defendants deny the allegations contained in this paragraph.

49.     The Municipal Code speaks for itself.

50.     These Defendants deny the allegations contained in this paragraph.

51.     These Defendants deny the allegations contained in this paragraph.

52.     These Defendants deny the allegations contained in this paragraph.

53.     These Defendants deny the allegations contained in this paragraph.

## AS TO COUNT THREE

54.    These Defendants repeat and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

55.    These Defendants deny the allegations contained in this paragraph.

56.    These Defendants deny the allegations contained in this paragraph.

57.    These Defendants deny the allegations contained in this paragraph.

58.    The New Jersey Civil Rights Act speaks for itself.

59.    These Defendants deny the allegations contained in this paragraph.

60.    These Defendants deny the allegations contained in this paragraph.

61.    These Defendants deny the allegations contained in this paragraph.

62.    These Defendants deny the allegations contained in this paragraph.

## AS TO COUNT FOUR

63.-71. Count IV of Plaintiff's Complaint was dismissed by Court Order dated June 25, 2026. These Defendants deny all allegations set forth in this count.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's common law claims are barred by the application of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

## THIRD SEPARATE DEFENSE

Defendant did not harass/discriminate Plaintiff.

## FOURTH SEPARATE DEFENSE

Plaintiff has failed to exhaust her available administrative remedies.

## FIFTH SEPARATE DEFENSE

Defendant did not unlawfully discriminate against Plaintiff.

## SIXTH SEPARATE DEFENSE

Defendant did not unlawfully retaliate against Plaintiff.

## SEVENTH SEPARATE DEFENSE

Defendant did not subject Plaintiff to a hostile work environment.

## EIGHTH SEPARATE DEFENSE

Plaintiff was not subject to disparate treatment by Defendant.

## NINTH SEPARATE DEFENSE

Plaintiff's work conditions were not so severe and pervasive so as to create a hostile work environment.

## TENTH SEPARATE DEFENSE

Defendant did not violate Plaintiff's rights as protected by the New Jersey Law Against Discrimination.

## ELEVENTH SEPARATE DEFENSE

The claims against this Defendant may be barred by the applicable Statute of Limitations.

## TWELFTH SEPARATE DEFENSE

Plaintiff cannot prove the Intentional Infliction of Emotional Distress since Plaintiff cannot prove a severe and disabling emotional or mental condition which is permanent in nature.

## THIRTEENTH SEPARATE DEFENSE

At all times relevant hereto Defendant acted within the scope of its lawful authority or apparent authority.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff failed to comply with N.J.S.A. 59:8-8, et seq.

## FIFTEENTH SEPARATE DEFENSE

This Defendant reserves the right to assert additional defenses upon completion of Discovery and Investigation.

## REQUEST FOR DAMAGES

You are hereby requested and required to furnish the undersigned, within five (5) days a written statement of the amount of damages claimed in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, MARY C. MCDONNELL, ESQ. is designated as Trial Counsel.

## CERTIFICATION

I hereby certify that pursuant to Rule 4:5-1: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated, and (3) no other necessary party to be joined in the subject litigation is presently known.

I hereby certify that the foregoing pleading has been served within the time provided by Rule 4.6.

PFUND MCDONNELL & SHEPARD, P.C.
Attorney for Defendants

By:_____
MARY MCDONNELL, ESQ.

Dated: August 5, 2026

Mary C. McDonnell, Esq. - Attorney ID #: 045271992
PFUND MCDONNELL & SHEPARD, P.C.
139 Prospect Street, 2nd Floor
Ridgewood, NJ 07450
(201) 857-5040
Attorneys for Defendants City of Hackensack and Thomas Freeman

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Plaintiff(s)*<br><br>CALOGERO TRAPANI<br><br><br>*vs.*<br><br><br>*Defendant(s)*<br><br>CITY OF HACKENSACK & THOMAS FREEMAN, individually and in his official capacity as City Manager | Civil Action No.: 2:25-cv-16670<br><br>CIVIL ACTION<br><br>**PROOF OF SERVICE** |

STATE OF NEW JERSEY    )
                                           SS:
COUNTY OF BERGEN      )

I, CAROL HEALION, of full age, being duly sworn according to law, upon her oath deposes and says:

1.    I am a secretary to Mary C. McDonnell, Attorney-at-Law of the State of New Jersey and a member with the law firm of PFUND MCDONNELL & SHEPARD, P.C.

2.    In compliance with Rule 1:6, et seq., Defendants Answer has been electronically filed through the PACER website. The following attorneys have been simultaneously served with the moving papers electronically.

Francesco P. Trapani, Esq.
Kreher & Trapani, LLP
100 East Penn Square, Suite 400
Philadelphia, PA 19107

Pursuant to Rule 1:4-4(b), I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CAROL HEALION

Dated: August 5, 2026