**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Calogero Trapani | : |
| | : |
| **Plaintiff** | : |
| | : Civil Action No. 2:25-cv-16670 |
| v. | : |
| | : Hon. Madeline Cox Arleo, U.S.D.J. |
| | : |
| City of Hackensack & Thomas Freeman, | : JOINT DISCOVERY PLAN |
| individually and in his official capacity | : |
| as City Manager | : |
| | : |
| **Defendants.** | : |
| | : |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   Plaintiff Calogero Trapani is a Captain in the Hackensack Fire Department. Plaintiff alleges that he engaged in protected First Amendment and union activity by organizing and leading a union vote of no confidence against Thomas Freeman while Freeman was Fire Chief. Plaintiff alleges that, after Freeman later became City Manager, Freeman retaliated against Plaintiff by refusing to request Civil Service certification or an extension of the September 2022 Deputy Fire Chief eligibility list, thereby preventing Plaintiff from being promoted to Deputy Fire Chief.

   The operative claims are: Count I, First and Fourteenth Amendment retaliation under 42 U.S.C. § 1983 against Freeman; Count II, municipal liability under Monell against the City of Hackensack; and Count III, violation of the New Jersey Civil Rights Act against Freeman and the City.

   Defendants contend that Plaintiff was not promoted off the 2022 list because doing so would have been illegal. Specifically, Plaintiff was not promoted to Deputy Chief in the Hackensack Fire Department on October 1, 2025 because he was no longer qualified for the position. The only promotional list that he appeared on expired three days earlier. The 2022 promotions list on which Plaintiff was the fifth and final qualified candidate could not be extended to the day the Deputy Chief position became open, because a new list, compiled from results of a test Plaintiff chose not to take, was issued on October 1, 2025. Plaintiff's decision not to take the Deputy Chief test in May 2025 prevented Defendants from promoting him. Defendants maintain that Plaintiff cannot maintain his First and Fourteenth Amendment claims nor can he maintain a claim under the New Jersey Civil Rights Act as a matter of law.

2. Have settlement discussions taken place? Yes _____ No ___X_____

    a. What was plaintiff's last demand?

        1. Monetary demand $ _____
        2. Non-Monetary demand _____

    b. What was defendant's last offer?

        1. Monetary offer: $ _____
        2. Non-monetary offer: $ _____

3. The parties **have** exchanged the information required by Fed. Rule. Civ. P. 26(a)(1).

4. Describe any discovery conducted other than the above disclosures.

Plaintiff has served written discovery, including requests for production of documents and interrogatories directed to the City of Hackensack and Thomas Freeman. Defendants have served written discovery, including requests for production of document and interrogatories directed to the Plaintiff.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

Plaintiff does not presently anticipate filing a dispositive motion before completion of discovery. Plaintiff may seek leave to amend if discovery reveals additional facts, claims, parties, or Monell theories.

6. The parties proposed the following:

    a. Discovery is needed on the following subjects:
        1. Plaintiff's protected union activity and the no-confidence vote
        2. Freeman's knowledge of Plaintiff's role in that activity
        3. Freeman's authority over promotions
        4. Civil Service certification and Civil Service list-extension issues
        5. Chief Anthony Riehl's resignation/retirement and the timing of any vacancy
        6. Requests for certification or extension of the 2022 list
        7. The City's prior promotion, certification, list-extension, and anticipated-vacancy practices
        8. Monell/final-policymaker issues

2

    9. Defendants' asserted reasons for not promoting Plaintiff

   10. Damages, including pay, benefits, seniority, and pension impact

   11. Punitive-damages financial-condition discovery as to Freeman.

b. Should discovery be conducted in phases? **No.**

c. Number of Interrogatories by each party to each other party: **25**

d. Number of Depositions to be taken by each party: **10**

e. Plaintiff's expert report due on **July 14, 2027.**

f. Defendant's expert report due on **August 18, 2027.**

g. Motion to Amend or to Add Parties to be filed by **January 20, 2027.**

h. Dispositive motions to be served within **30** days of completion of discovery.

i. Factual discovery to be completed by **June 30, 2027.**

j. Expert Discovery to be completed by **September 22, 2027.**

k. Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders.

The parties plan to enter an appropriate Discovery Confidentiality Order/Protective Order governing confidential materials. Plaintiff anticipates ESI discovery may include email, text messages, calendars, Civil Service portal records, audit/log data, mobile-device communications, and personal accounts or devices used for City business. Plaintiff reserves the right to seek an ESI protocol, preservation order, or other relief if necessary.

l. A pretrial conference may take place on [to be set by the Court].

m. Trial by jury or non-jury trial?

Plaintiff demanded a jury trial.

n. Trial date: [to be set by the Court].

7. Do you anticipate any discovery problem(s)? Yes ___ No __**X**__ . If so, explain.

The parties do not anticipate any discovery problems at this time. They will promptly raise any such issues with the Court should they arise.

3

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes ___ No _**X**__. If so, explain.

The parties do not anticipate any special discovery needs at this time. They will promptly raise any such issues with the Court should they arise.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time.

This case may be appropriate for mediation pursuant to L. Civ. R. 301.1 after the exchange of initial written discovery and key documents concerning Civil Service list timing, vacancy timing, certification/extension practices, liability insurance/indemnification, and damages. Plaintiff does not believe voluntary arbitration pursuant to L. Civ. R. 201.1 is appropriate because this matter involves claims of constitutional retaliation, the amount in controversy exceeds $150,000, and Plaintiff seeks equitable relief and punitive damages. A special master is not presently necessary, but may become appropriate if substantial ESI, privilege, or municipal-records disputes arise.

10. Is this case appropriate for bifurcation? Yes _____ No __**X**__

11. The parties do not presently consent to trial before a Magistrate Judge, without prejudice to revisiting the issue after completion of discovery or dispositive motion practice.

| **KREHER & TRAPANI LLP** | **PFUND MCDONNELL & SHEPARD, P.C.** |
|---|---|
| /s/ *Francesco P. Trapani* | /s/ *Mary McDonnell* |
| Francesco P. Trapani, Esquire | Mary McDonnell |
| 100 East Penn Square, Suite 400 | 139 Prospect Street, 2nd Fl. |
| Philadelphia, PA  19107 | Ridgewood, NJ 07450 |
| Phone (215) 907-7290 | Phone: (201) 857-5040 |
| Fax (215) 907-7287 | Fax: (201) 857-5041 |
| frank@krehertrapani.com | mmcdonnell@pfundmcdonnell.com |